**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CORREY MITCHELL,

      Plaintiff - Appellant,

  v.

CRAMER, Assistant Principal;
MEREDITH, Assignment Lieutenant,

      Defendants - Appellees.

No. 24-1106

D.C. No. 4:23-cv-00141-JSW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

California state prisoner Correy Mitchell appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm in part, vacate in part, and remand.

We affirm the district court's summary judgment on Mitchell's retaliation claim arising out of his removal from a teacher's aide position, because Mitchell does not challenge that portion of the district court's decision in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We vacate the district court's summary judgment on Mitchell's retaliation claim arising out of Cramer and Meredith's alleged delay in reassigning Mitchell to a new position. The district court dismissed this claim at screening and did not inform Mitchell that it would reinstate the claim before granting summary judgment for Cramer and Meredith. Because Mitchell did not have the opportunity to conduct discovery or present evidence on this claim, we vacate the judgment on this claim only and remand for further proceedings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (providing that entry of summary judgment is appropriate "after adequate time for discovery"); *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (holding that the district court "erred in granting summary judgment for appellees without affording plaintiffs-appellants the opportunity to proceed with discovery," and noting that "when . . . motives and intent are important, '[p]utting plaintiffs to the test . . . without ample opportunity

for discovery is particularly disfavored'" (citation omitted) (alteration in original));
*cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (explaining that "[a] complaint guides the parties' discovery").

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**